*Friday*,
December
30th.

## BAKER'S Case.

A petitioner for relief under the insolvent act of 4th April 1798, must exhibit to the court a statement in *writing* of his losses and the means whereby he became insolvent.

A debtor who has no property whatever, is nevertheless entitled to the benefit of the insolvent acts.

BAKER presented his petition to this court under the act of *April* 1798, praying for the relief prescribed by that and other insolvent acts of the general assembly. The schedule annexed to his petition set forth that he had no estate of any kind, having made an assignment of all his property on the 13th *October*. 1808, when he was discharged under the insolvent acts by the common pleas of *Philadelphia* county. His object at this time was to bar two creditors whom he had omitted to serve with notice upon his former discharge.

The application now coming on to be heard, the chief justice asked whether the petitioner had made any statement *in writing* of his losses and the means whereby he became insolvent, agreeably to the 2d section of the act of 4th *April* 1798. This section directs that the insolvent shall exhibit to the court " a " just and true account of his debts, credits and estate, real " and personal, *containing a statement* of his losses and the " means whereby he became insolvent."

*Chauncey*, for the petitioner, answered that he had not, but that he was ready to answer upon oath any interrogatories upon that head. He said that the *written* statement very rarely in practice accompanied the proceedings, and that in this particular the construction of the law seemed to be settled by the practice, in like manner as in respect to the insolvent's estate; for although the letter seemed to require that he should have some property, yet relief had uniformly been extended to applicants who had none.

1808.

BAKER'S
Case.

PER CURIAM. There must be a statement *in writing* of his losses and the means whereby he became insolvent. A matter, so essentially connected with the discharge of an insolvent, is not to rest upon verbal explanation, of which no trace remains upon record. The court owe it to the public to prevent this statement from falling into disuse, or becoming a nominal ceremony. As to the circumstance of the petitioner's having no property, it has been held to be within the spirit of the law; relief has often been afforded in similar cases.

The written statement not having been usually exhibited heretofore, the court gave *Baker* until the next day to prepare and file it; but they said they would have it understood hereafter that *writing* was essential.